Boeing-, J.,
delivered the opinion of the court .*
The petitioner was acting assistant commissary and additional quartermaster in the military service of the United States, and he claims to be credited in his accounts with $2,048.56, lost by him. without fault on his part. The claim is made under Aet 9th May, 1866, (14 Stat. L., p. 44.)
*435 In this case the evidence fixes the facts that the money specified was received by the petitioner, and returned in his accounts to the Department, so that he charged himself therewith; that a package, sealed and addressed to himself, was deposited by him in the iron safe of H. S. & L. Fillmore; and that the safe was plundered and the store burned by the rebels, and the owner of the safe and store killed at the time. It is also in evidence that the package contained money belonging to the Government, but the amount is not shown. This was a fact not likely to be known to any but the claimant, and we think the amount may be reasonably inferred from his return to the Department in April, 1803, supported as that is by evidence of his good character.
The evidence stated indicates that after the money Avas placed in the safe, Colonel Lynde, and the Ninth Begiment' of "Kansas Volunteers, and the petitioner, were stationed at different places till after the loss of the money."
The deposition of the petitioner was offered in evidence, and its admission claimed under the exception to the rule of common law by which a party is admitted to testify in his own behalf ex necessitate rei, because his is the only testimony that the circumstances can furnish. But, as argued by the Attorney-General, this exception is confined to cases where the defendant is a wrong-doer, and is admitted in odium spoliatoris, as Avhere a common carrier or a ship-master has plundered boxes, &c., intrusted to them, and the contents are likely to be known only to the owner. It is true that the exception has been, in some decisions, extended to cases in Avliich the loss was from negligence merely, but these decisions have not been generally admitted, and have been entirely overborne by the weight of authority; and the principle that excludes a party from testifying has been always strictly adhered, to by the Supreme Court -of the United States, which, on the ground of public policy, and preventing the temptation to perjury, and the perversion of justice and morals, has steadily excluded parties from testifying in a series of cases cited in the last of the list, Bridges v. Armor, (5 H., 91.) In that case Justice Nelson cited the case of Scott v. Lloyd, in which the Supreme Court said: “The decision in 1 Peters, (C. C. C. R., 301,) where the court held that a party named on the record might be selected, so as to -constitute him a competent witness, has been cited and relied *436 on in the argument. Sucli a rule would hold out to parties a strong temptation to perjury, and we think it is not sustained either by principle or authority.”
And in the case of Stein v. Bowman et al., (13 Peters, 209,) where a party had been admitted to testify, the Supreme Court, after noticing his liability for costs, remarked that “if he had been released, or a sum of money sufficient to cover the costs of suit had been brought into court, his competency would not have been restored;” and there the party admitted was officially only plaintiff, for he was one of the assignees in bankruptcy.
And-Justice Nelson, after citing these cases, says: “The exclusion is placed on the ground of policy, which forbids a party from being a witness in his own cause, * * * thereby holding out to litigants temptations to perjury and to the manufacturing of witnesses in the administration of justice.” Since these decisions, statutes in England and in this country have admitted parties to testify, but both parties; and thus the law has done justice between them, if it has abandoned the principles and experience of ages. But here such a rule is inapplicable, for the United States cannot testify; and, therefore, in litigation here, and especially in cases of this class, to admit claimants to testify would be to subject the United States to unequal and therefore inequitable litigation.
These reasons are in the statute, which imperatively excludes the claimant here from testifying; and against that no rule of the common law and no exception to such rule can prevail; therefore we did not consider the claimant’s deposition in coming to our conclusion, but found that in the beneficent purpose of the statute and the strong case of probabilities made out by other testimony.